

MICHAEL P. LOWRY, ESQ.
Nevada Bar No. 10666
E-mail: Michael.Lowry@wilsonelser.com
6689 Las Vegas Boulevard South, Suite 200
Las Vegas, NV 89119
Tel: 702.727.1400/Fax: 702.727.1401
Attorneys for Jovon Byrde, C.R. England, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jennifer Arreola, individually,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>C.R. England, Inc.; Jovon Byrde, individually; and Does 1 to 100, Roe Corporation 1 to 100, inclusive,<br><br>　　　　　　　　Defendants. | Case No.:  2:23-cv-742<br><br>**Stipulation and Order Dismissing Claims and Defenses**<br><br>ECF No. 32 |

　　　　The operative complaint contains causes of action for 1) negligence; 2) negligent entrustment; 3) negligent hiring; 4) negligent training and supervision; and 5) negligent retention. Defendants have both admitted Byrde was within the course and scope of his employment with C.R. England when the events alleged in the complaint occurred.  Plaintiff's negligence cause action is defined by state law.  "To prevail on a negligence theory, a plaintiff generally must show that: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages."[1] Both defendants admitted Byrde owed a duty and breached it, but contest the remaining elements of negligence.

　　　　The parties now stipulate to dismiss the following causes of action: 2) negligent entrustment; 3) negligent hiring; 4) negligent training and supervision; and 5) negligent retention. They further stipulate to dismiss the following affirmative defenses with prejudice: 1) Plaintiff

---

[1] *Bower v. Harrah's Laughlin, Inc.*, 125 Nev. 470, 491, 215 P.3d 709, 724 (2009).

293860525v.2

was comparatively negligent; 2) Defendant Byrde encountered a sudden emergency; 3) The event alleged in the complaint was caused by an intervening, superseding cause; and 4) The event alleged in the complaint was solely caused by a non-party, thereby leaving 5) Plaintiff did not mitigate damages as the only remaining affirmative defense. These causes of action and affirmative defenses are dismissed with prejudice, each party to bear its own fees and costs as to the dismissed matters.

Dated this 6th day of March, 2024.

WILSON ELSER

/s/ Michael Lowry
Michael P. Lowry, Esq.
Nevada Bar No. 10666
Attorneys for Jovon Byrde, C.R. England, Inc.

Dated this 6th day of March, 2024.

NAQVI INJURY LAW

/s/ Paul G. Albright
Paul G. Albright, Esq.
Nevada Bar No. 14159
Attorneys for Jennifer Arreola

## ORDER

Based on the parties' stipulation [ECF No. 32] and good cause appearing, IT IS SO ORDERED. This case proceeds on plaintiff's lone remaining negligence claim, and only as to the elements of causation and damages.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: March 12, 2024

293860525v.2